RICE *v.* POST ET AL.

*False imprisonment — Damages — Defenses — Sufficiency of process — Capias in contempt proceeding.*

A capias issued in a case of indirect contempt, in order to protect the arresting officer, should briefly state the substance of the offense charged or the criminal act relied upon.

(Decided June 21, 1917.)

ERROR: Court of Appeals for Montgomery county.

*Mr. J. W. Sharts* and *Mr. L. E. Speer,* for plaintiff in error.

*Mr. Joseph Chamberlain* and *Mr. Jay Leach,* for defendants in error.

ALLREAD, J. The plaintiff, Amanda Rice, brought the original action in the court of common pleas against the arresting officers for false imprisonment.

Upon the trial it was shown that the plaintiff was arrested upon a writ issued by the clerk of

the municipal court upon a capias blank containing the following:

"The State of Ohio,
          "Plaintiff,

                vs.                    } No. 6183, CAPIAS.
"Amanda Rice,
     "133 St. Clair Street,
               "Defendant.

"To the Chief of Police,

     "Greeting:—    *    *    *

"Whereas, Amanda Rice has been ordered into court for contempt    *    *    *

"You are therefore commanded to take and safely keep said Amanda Rice so that you have her body before this court forthwith to answer to said charge and abide the order of the court, and have then and there this writ."

The evidence tends to prove that the so-called "capias" was issued under a verbal order of the court in the case of *State* v. *Ida Johnson,* and that the only record made of the proceedings prior to the arrest was "5/25/1915, the court ordered a capias issued."

The evidence further tends to show that the plaintiff, Amanda Rice, was not a party or witness in the *Johnson case* nor was she present or represented in that case.

The testimony does not justify an inference that Amanda Rice had committed any offense in the presence of the court or so near the court as to obstruct the administration of justice.

Her offense, if any, was for indirect contempt of court. It was not, therefore, a case where the court could act summarily and under verbal orders and process, but it was one where the charge must be fairly stated, either by affidavit, written charge, or written order upon the court's docket describing the offense.

While the usual process for bringing in parties in cases of indirect contempt is a citation or notice, yet, where the offense is flagrant, or in cases of emergency, the original process may be by capias or order of arrest. But in the latter event the process under which the arrest is made should state briefly the substance of the offense charged. 9 Cyc., 39; *Lowe* v. *State,* 9 Ohio St., 337; *Post* v. *State,* 14 C. C., 111; and *Myers* v. *State,* 46 Ohio St., 473.

It is claimed, however, that the arresting officers were not bound to go behind the process issued to them to ascertain the regularity of the warrant or capias.

While that is undoubtedly true, yet that contention does not help out in the present case, because even the capias contains no statement of the offense charged.

The fact that the plaintiff had been ordered into court for contempt is no statement of an offense. Contempt of court is a general description of a class of offenses. No criminal act is stated, and the process was therefore insufficient to protect the officers in making the arrest.

It therefore follows that the trial court erred in directing a verdict in favor of the defendants

and that the judgment should be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

KUNKLE and FERNEDING, JJ., concur.